Wilder, J.
Two questions in this case are presented by the record for our determination:
1. Was the testimony of Clark Baker that John Kyle, the intestate, said that “ the mare was his, and he intended to sell her,” under the circumstances appearing in the case, admissible ?
2. Did the court of common pleas err in its refusal to instruct the jury that there must be an actual presentation of the account, or in its instruction that the jury might presume a, waiver of actual presentation by a refusal of the administrator to allow the account ?
It is a general rule of evidence that the declarations of a party are admissible in evidence against him, but not in his favor. It is claimed however, by the counsel for the plaintiff in error, that, in this case, it being shown that John Kyle had long been and then was in possession of the mare, and was then offering her for sale, his declaration that he was her owner was admissible in evidence as explanatory of the nature of his possession, and of the act of selling the mare. He cites 1 Greenleaf on Evidence, section 109, Wetmore v. Mell, 1 Ohio St. Rep. 26, and sundry other authorities to support his proposition. That part of section 109, in Greenleaf, is as follows : “ No reason is perceived, why every declaration accompanying the act of possession, whether in disparagement of the claimant’s title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the res gestee; leaving its effect to be governed by other rules of evidence.” We see no objection to the rule as thus laid down. The declarations mentioned are “ in disparagement of,” “ or otherwise qualifying,” the claimant’s possession. In the case before us, the declaration was of unqualified ownership of the property, and not such as would be embraced within the above rule.
*20 In Watson and others v. Bissell, 27 Missouri R. 220, it was held that “ the declarations of a person in possession of land as a life tenant could not be received in evidence to elevate his life estate into an estate in fee.”
In Wetmore v. Mell, 1 Ohio St. Rep. 26, it appeared that on the trial of the suit of Mell v. Wetmore, brought for a breach of promise of marriage, evidence was received, on the part of the plaintiff, that she had made preparations for marriage, and of. her declarations made during the preparation. It was held admissible, but only for the purpose of showing the plaintiff’s acceptance of the defendant’s promise. The court say: “ The defendant’s promise was shown by other distinct facts and circumstances, and it was proposed to show plaintiff’s acceptance of it, by her preparations for marriage, together with her statements to her sister explanatory thereof, and for this purpose only, was the evidence admitted by the court.”
In the case before us, the question directly in issue was whether the property passed into the possession of John Kyle as a gift or as a loan. The “res gestee” were the loan or gift, and the transfer of possession. The declaration offered in evidence formed no part of those transactions, and must be regarded as a simple declaration in his own favor. Although accompanied by the act of “offering to sell,” it does not come within any of the exceptions relating to a qualification of the possession, or as a part of the “res gesteewe think, therefore, that the evidence was properly excluded.
As to the second question. It is shown in the bill of exceptions that the administrator had seen and examined the account in March, 1858. The evidence tended to show that in the September, following the plaintiff asked the administrator to allow the account, which was refused; that the account was not. in fact presented, though the plaintiff had it in his pocket, and told the administrator he had it with him. If such were the facts, of what importance could it be, that the account should be taken from the pocket and formally presented ? The object of the law in requiring the presenta *21 tion of claims against an estate, to the administrator, is to apprise him of their existence, amount, and character. Such knowledge of this claim the administrator had already acquired in March; and assuming that the other facts were proved which the evidence tended to prove, we think that a refusal to allow the account under such circumstances, would be a waiver of its formal presentation, and that the jury would be warranted in so finding.
We are of the opinion, therefore, that the court of common pleas did not err in its refusal to charge the jury as requested, or in its charge as given.
The judgment of the district court must be affirmed.
Brinkerhoee, C.J., and Scott, Ranney and White, JJ., concurred.